## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| RESHUDIA KEYRIA RICKS, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 4:15-cv-240-HLM |
| | : | |
| v. | : | |
| | : | |
| LISA WILLIAMS BLAKE, M.D., | : | |
| NORTHWEST GEORGIA | : | |
| MEDICAL CLINIC, P.C., and | : | |
| NORTHWEST GEORGIA | : | |
| MEDICAL CLINIC II, LLC, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

COMES NOW, Reshudia Keyria Ricks, Plaintiff herein, and files her Complaint against Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C., and Northwest Georgia Medical Clinic, II, LLC, and respectfully shows as follows:

## PARTIES

### 1.

Plaintiff Reshudia Keyria Ricks ("Plaintiff") is an individual citizen of the State of Florida, residing in the State of Florida.

2.

Defendant Lisa Williams Blake, M.D. ("Blake") is an individual citizen of the State of Georgia, residing in Floyd County, Georgia.

3.

Defendant Northwest Medical Clinic, P.C. ("Clinic, P.C.") is a Georgia corporation with its principal office at 15 Riverbend Drive, Suite 200, Rome, Floyd County, Georgia 30161 and its registered agent is James H. Vick, III, M.D. at the same address.

4.

Defendant Northwest Georgia Medical Clinic, II, LLC ("Clinic, LLC") is a Georgia limited liability company with its principal office at 15 Riverbend Drive, Suite 200, Rome, Floyd County, Georgia 30161 and its registered agent is James H. Vick, III, M.D. at the same address.

## JURISDICTION AND VENUE

5.

Plaintiff is a resident and citizen of the State of Florida and all Defendants are citizens of the State of Georgia.

6.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a), as complete diversity exists between the Plaintiff and Defendants as they

are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.

Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial portion of the events giving rising to Plaintiff's complaint occurred in Floyd County, Georgia within this judicial district and division and all defendants reside in this judicial district.

## FACTUAL ALLEGATIONS

8.

On December 16, 2013 Plaintiff Ricks received medical care and treatment from Defendant Blake, a medical doctor, related to the delivery of her child at almost full-term of the course of her pregnancy.

9.

Specifically, on December 16, 2013 Defendant Blake performed a cesarean delivery on Plaintiff Ricks at Floyd Medical Center in Rome, Georgia.

10.

The male infant was delivered during the cesarean procedure on December 16, 2013.

11.

Immediately following delivery of the infant, and during the same procedure, Blake performed a tubal ligation procedure on Plaintiff Ricks, which is a surgical sterilization procedure, thereby sterilizing Plaintiff Ricks.

12.

Plaintiff Ricks did not and does not wish to be sterilized, did not consent orally to be sterilized, and did not consent in writing to be sterilized at any time prior to the tubal ligation procedure.

## COUNT I - BATTERY

13.

Defendant Blake sterilized Plaintiff without her consent, which amounted to a battery upon Plaintiff Ricks.

14.

The battery committed by Defendant Blake proximately caused Ms. Ricks' general, special and compensatory damages including physical injury and emotional distress, and rendered her sterile.

## COUNT II – NEGLIGENCE PER SE

15.

O.C.G.A. § 31-20-2 prohibits performance of a sterilization procedure unless the patient requests the procedure in writing and, prior to performance of the

procedure, is given a full and reasonable medical explanation of the meaning and consequences of the procedure.

16.

O.C.G.A. § 31-20-2 is intended to protect persons such as Plaintiff Ricks from being subjected to sterilization procedures without having requested the procedures or having been given full explanation of the procedure and consequences of any such procedure and provided the right and ability to consent in writing to be sterilized.

17.

Defendant Blake failed to comply with and violated O.C.G.A. § 31-20-2, as Defendant Blake failed to obtain a written consent at any time from Plaintiff Ricks as required under the applicable law and provide a reasonable medical explanation of the meaning and consequences of the procedure.

18.

Defendant Blake violated O.C.G.A. § 31-20-2, and therefore Defendant Blake is deemed negligent per se.

19.

The negligence per se of Defendant Blake caused Plaintiff Ricks to incur general, special, and compensatory damages, including physical injury and emotional distress, and rendered her sterile.

## COUNT II – NEGLIGENCE

20.

Defendant Blake performed an elective sterilization procedure on Plaintiff Ricks during a cesarean procedure where there was no medically emergent need, circumstance, or requirement for the procedure to be performed at that time without the required statutory written consent.

21.

Defendant Blake negligently proceeded with the sterilization despite that authorization had not been sought or acquired as required by law and the standard applicable to physicians, and that there was no emergent need and/or medical necessity to sterilize Plaintiff Ricks.

22.

By so doing, Defendant Blake violated the duty owed Plaintiff Ricks and the applicable standard of care owed to Plaintiff Ricks by Defendant Blake, as Blake failed to follow that degree of standard and care provided by physicians generally under the same or similar circumstances before and during the procedure performed on December 16, 2015.

23.

As a direct and proximate result of the negligence of Defendant Blake, Plaintiff Ricks incurred general and special damages, including physical injury and emotional distress, and was rendered sterile.

## AGENCY

24.

At all times material hereto, Defendant Blake was an employee and/or agent of Defendants Clinic, P.C. and Clinic, LLC (collectively "Clinic Defendants") and was acting within the scope of her employment and/or agency with respect to Clinic Defendants.

25.

Therefore Clinic Defendants are responsible for the negligence, action and acts of Defendant Blake under the theories of agency and respondent superior and are joint tortfeasors and are therefore liable to Plaintiff for her damages as set forth herein.

WHEREFORE, Plaintiff Reshudia Keyria Ricks requests judgment in her favor in an amount sufficient to compensate her for damages caused by the Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C., and Northwest Georgia Medical Clinic, II, LLC in an amount in excess of $75,000.00, exclusive of interest and cots as determined by a jury.

## <u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>

Respectfully submitted this 15th day of December, 2015.

**STEEL, MOSS & EBERT**

*/s/ John D. Steel*
John D. Steel
Georgia Bar No. 677646

3575 Piedmont Road, N.E.
15 Piedmont Center, Suite 1560
Atlanta, Georgia 30305
(404) 264-1292

**COLOM & BRANT**

*/s/ Charles T. Brant*
Charles T. Brant
Georgia Bar No. 078070

191 Peachtree Street
Suite 3300
Atlanta, Georgia 30303
(404) 522-5900