UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| RESHUDIA KEYRIA RICKS, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>) Civil Action<br>) File No. 4:15-CV-240-HLM |
| LISA WILLIAMS BLAKE, M.D.,<br>NORTHWEST GEORGIA MEDICAL<br>CLINIC, P.C., and NORTHWEST GEORGIA<br>MEDICAL CLINIC II, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **DEFENDANTS' RULE 26(a) INITIAL DISCLOSURES**

COME NOW, Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C. and Northwest Georgia Medical Clinic II, LLC and pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the Northern District of Georgia, make these initial disclosures as follows:

**(1) If the defendant is improperly identified, state the defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE**: Defendants Lisa Williams Blake, M.D., and Northwest Georgia

Medical Clinic, P.C. do not contend they have been improperly identified at this time. Defendants contend that the entity sued as Northwest Georgia Medical Clinic II, LLC is not a proper party to this case.

**(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

RESPONSE: Defendants do not contend that there are parties necessary to this action who have not yet been named. However, Defendants contend that the entity sued as Northwest Georgia Medical Clinic II, LLC is not a proper party to this case because Dr. Blake is not an employee, owner, or agent of Northwest Georgia Medical Clinic II, LLC.

**(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

RESPONSE: This action involves allegations of professional (medical) negligence, medical battery, and claims for personal injury. These allegations and claims are made by Plaintiff Reshudia Keyria Ricks against Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C., and Northwest Georgia Medical Clinic II, P.C. (an improper party). Defendants deny all allegations of wrongdoing.

Reshudia Ricks received medical care and treatment from Dr. Blake related to the delivery of her child by caesarean section at Floyd Medical Center on December 16, 2013. Following delivery of the infant, Dr. Blake performed a tubal ligation procedure on Ms. Ricks. Defendants contend that Dr. Blake met all applicable standards of care in the performance of the procedure and affirmatively deny any and all allegations of wrongdoing asserted by the Plaintiff. Defendants further contend that the procedures performed by Dr. Blake were medically indicated and required for the safety and well-being of the patient.

As discovery is on-going, Defendants reserve the right to supplement this response.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE**: The following statutes and case law are applicable to this action, although Defendants reserve the right to supplement this response and rely on additional statutes and/or cases as may prove necessary:

A. <u>Applicable Statutory Law</u>:

- O.C.G.A. § 9-11-9.1 - Plaintiff's claims for professional negligence must be supported by expert testimony.

- O.C.G.A. § 24-9-67.1 - concerning admissibility of expert opinions.

- O.C.G.A. § 51-12-33 - pending further investigation and discovery, apportionment of damages to non-parties may be an issue in this case.

- O.C.G.A. §§ 31-20-3, *et seq.* - concerning voluntary sterilization.

- O.C.G.A. § 51-1-6 - concerning negligence per se.

B.   Illustrative Case Law

- Common law and precedent regarding the elements necessary to establish negligence, i.e. duty, breach, causation, and damages.

- A plaintiff alleging professional negligence must present the testimony of an expert witness to create an issue of fact for trial. Helmich v. Kennedy, 796 F.2d 1441, 1442 (11th Cir. 1986).

- Expert testimony is reliable when it is based on scientific knowledge, principles and methods. Expert testimony is relevant where the facts of the case are applied to reliable principles and will assist the trier of fact to understand or determine a fact in issue. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S. Ct. 2786 (1993) and its progeny.

- The trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit. Couch v. Red Roof Inns, 729 SE 2d 378 (2012); Rust International Corp. v. Greystone Power Corporation 133 F. 3d 1378 (11th Cir. 1998).

**(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE**:  (a) Plaintiff, Plaintiff's family members, Plaintiff's friends, and non-party medical providers specifically listed in Plaintiff's required initial disclosures (unknown to Defendants at this time); (b) Dr. Blake, who may be contacted through undersigned counsel; (c) medical providers employed by Northwest Georgia Medical Center, P.C., including Dixon L. Freeman, M.D. and Stephen Baxter, M.D., who may only be contacted through undersigned counsel; (d) non-party medical providers as discovered in Ms. Ricks' medical records pending further investigation and discovery; (e) nurses, doctors and technicians who treated Ms. Ricks during the December 16, 2013 procedure at Floyd Medical Center; and (f) expert witness(es) pending further investigation and discovery.

**(6)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE**: Defendants have not determined whether any experts will be retained to testify at trial. If and when such determination is made, this response may be supplemented.

**(7) Provide a copy of, or description by category and location of, all documents, date compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE**: Defendants refer Plaintiff to the medical records maintained by Northwest Georgia Medical Center and medical records maintained by non-party medical records. Undersigned counsel is in the process of serving subpoenas to non-party providers to obtain medical records. Defendants reserve the right to supplement pending further investigation and discovery.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**RESPONSE**: None at this time. Discovery is just underway, however, and Defendants reserve the right to supplement this response.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**RESPONSE**: None at this time. Defendants reserve the right to amend this response if additional information is learned through discovery to warrant such an amendment.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE**: A copy of the applicable insurance policy will be provided upon the entry of an appropriate confidentiality agreement.

This 1st day of April, 2016.

CARLOCK, COPELAND & STAIR, LLP

*/s/ Wayne D. McGrew, III*

---

**Counsel for Defendants**
WAYNE D. MCGREW, III
State Bar No. 493216

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via CM/ECF and by depositing a true copy in the U.S. Mail, proper postage paid, addressed to counsel of record as follows:

John D. Steel
Steel, Moss & Ebert
3575 Piedmont Road, N.E.
15 Piedmont Center, Suite 1560
Atlanta, GA 30305

Charles T. Brant
Colom & Brant
191 Peachtree Street
Suite 3300
Atlanta, GA 30303

This 1st day of April, 2016.

/s/ Wayne D. McGrew, III
WAYNE D. MCGREW, III
State Bar No. 493216
*Attorney for Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C. and Northwest Georgia Medical Clinic II, LLC*

Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220