UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| RESHUDIA KEYRIA RICKS,<br><br><br>v.<br><br>LISA WILLIAMS BLAKE, M.D.,<br>NORTHWEST GEORGIA MEDICAL<br>CLINIC, P.C., and NORTHWEST GEORGIA<br>MEDICAL CLINIC II, LLC, | Civil Action<br>File No. 4:15-CV-240-HLM |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW, Plaintiff Reshudia Keyria Ricks and Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C., and Northwest Georgia Medical Clinic II, LLC (collectively, "Defendants") pursuant to L.R. 16.2, N.D. Ga., and hereby file this Joint Preliminary Report and Scheduling Order.

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

This case involves a sterilization procedure performed on December 16, 2013.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

This litigation arises out of the medical care and treatment of Reshudia Ricks ("Ms. Ricks") by Lisa Blake, M.D., ("Dr. Blake"). Specifically,

Reshidia Ricks received medical care and treatment from Dr. Blake, related to the delivery of her child by caesarean section at Floyd Medical Center on December 16, 2013. Following delivery of the infant, Dr. Blake performed a tubal ligation procedure on Ms. Ricks.

**(c) The legal issues to be tried are as follows:**

The legal issues in this case that are to be tried include, but are not limited to, the following issues: (1) whether proper informed consent for the tubal ligation procedure was obtained; (2) the negligence of the Defendants; (3) whether Dr. Blake committed a battery; (4) whether Dr. Blake was negligent per se for violating O.C.G.A. § 31-20-2; (5) the nature and extent of the Plaintiff's injuries, if any; (6) whether the Plaintiff is entitled to recover for special and general damages and, if so, in what amount.

**(d) The cases listed below (include both style and action number) are:**

    **(1) Pending Related Cases:**

        None.

    **(2) Previously Adjudicated Relates Cases:**

        None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

    ____ (1) Unusually large number of parties
    ____ (2) Unusually large number of claims or defenses
    ____ (3) Factual issues are exceptionally complex
    ____ (4) Greater than normal volume of evidence
    _X_ (5) Extended discovery period is needed
    ____ (6) Problems locating or preserving evidence
    ____ (7) Pending parallel investigations or action by government
    _X_ (8) Multiple use of experts
    ____ (9) Need for discovery outside United States boundaries
    ____ (10) Existence of highly technical issues and proof

      \_\_\_  (11)  Unusually complex discovery of electronically stored information

**3.  Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    **Plaintiff:**          John D. Steel, Esq.
Steel Moss & Ebert
15 Piedmont Center
Suite 1560
3575 Piedmont Road, NE
Atlanta, GA 30305
404-264-1292
jsteel@steel-moss.com

Charles T. Brant
Colom & Brant
191 Peachtree Street
Suite 3270
Atlanta, GA 30303
404-552-5900

    **Defendants:**       Wayne D. McGrew, III, Esq.
Carlock, Copeland & Stair, LLP
191 Peachtree Street
Suite 3600
Atlanta, Georgia  30303
(404) 221-2215
(404) 222-9482 (fax)
*dmcgrew@carlockcopeland.com*

**4.  Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

    \_\_\_ Yes   _X_ No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

None known at this time.

**(b)    The following persons are improperly joined as parties:**

The Defendant sued as Northwest Georgia Medical Clinic II, LLC is not a proper party to this case.

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.**

**(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties are not presently aware of any amendments to the pleadings that will be necessary in this action.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later, Local Rule 7.1A(2).**

**(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)     *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties have agreed to exchange Initial Disclosures by April 1, 2016.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference with the Court at this time.

10. **Discovery Period:**

   **The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

   **Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

   **Please state below the subjects on which discovery may be needed:**

   Factual circumstances surrounding the incident, the medical condition and treatment of Plaintiff Reshudia Ricks, whether Dr. Blake obtained legal or appropriate consent for the tubal ligation procedure, whether the tubal ligation procedure was appropriate under the circumstances, the extent of the Plaintiff's damages, if any, whether Dr. Blake's actions amounted to negligence, and the development and discovery of factual and expert witness testimony.

   **If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

   The parties believe that an eight (8) month discovery track is necessary. This case involves diverse parties with information about the incident.

Plaintiff Ricks is located in Florida. Defendant Blake operates a busy medical practice located in Rome, Georgia. There will also be a number of factual witnesses who must be deposed, including other medical professionals who were in the operating room and may have knowledge and information about the tubal ligation procedure. Furthermore, the parties anticipate that multiple experts will be used.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

__X__ Yes     ____ No

**If "yes,"**

**(1) The parties have discussed the sources and cope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have agreed to produce documents in paper and/or PDF format but reserve the right to request native format information should it become necessary.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties have agreed to produce documents in paper and/or PDF format but reserve the right to request native format information should it become necessary.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Not applicable at this time. Defendants, however, reserve the right to seek a protective order to the extent Plaintiff seeks information and/or materials that may be confidential, proprietary, and/or contain trade secrets. Defendants also reserve the right to seek an a Qualified Protective Order pursuant to Georgia law governing any *ex parte* interviews of Plaintiff's treating physicians. Plaintiff does not believe such an order is appropriate in this case and specifically invokes her federal privacy rights against any *ex parte* interviews of her healthcare providers by Defendants or their counsel.

**13. Settlement Potential:**

(a) **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** <u>March 2, 2016</u> **and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

| | | |
|---|---|---|
| **For plaintiff:** | Lead counsel (signature): | <u>/s/ Charles Brant</u> |
| | | Charles T. Brant |
| | Other participants: | John D. Steel, Esq. |
| **For Defendants:** | Lead counsel (signature): | <u>/s/ Wayne D. McGrew, III</u> |
| | | Wayne D. McGrew, III |
| | Other participants: | Andrew M. Bagley, Esq. |

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

        **(___)       A possibility of settlement before discovery.**
        **( X  )      A possibility of settlement after discovery.**
        **(___)       A possibility of settlement, but a conference with the judge is needed.**
        **(___)       No possibility of settlement.**

**(c)     Counsel ( X ) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** after the close of discovery.

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None.

**14.     Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (___) do consent to having this case tried before a Magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ___ day of _____, 20__.**

**(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 1st day of April, 2016.

COLOM & BRANT

*/s/ Charles T. Brant*

_____
**Counsel for Plaintiff**
*(By Wayne D. McGrew, III w/express permission)*
Charles T. Brant
101 Peachtree Street
Suite 2370
Atlanta, GA 30303



CARLOCK, COPELAND & STAIR, LLP

*/s/ Wayne D. McGrew, III*

_____
**Counsel for Defendants**
WAYNE D. MCGREW, III
State Bar No. 493216
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via CM/ECF and by depositing a true copy in the U.S. Mail, proper postage paid, addressed to counsel of record as follows:

John D. Steel
Steel, Moss & Ebert
3575 Piedmont Road, N.E.
15 Piedmont Center, Suite 1560
Atlanta, GA 30305

Charles T. Brant
Colom & Brant
191 Peachtree Street
Suite 3300
Atlanta, GA 30303

This 1st day of April, 2016.

/s/ Wayne D. McGrew, III
WAYNE D. MCGREW, III
State Bar No. 493216
*Attorney for Defendants Lisa Williams Blake, M.D., Northwest Georgia Medical Clinic, P.C. and Northwest Georgia Medical Clinic II, LLC*

Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220